COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NOS. 2-03-155-CR
                                                          
2-03-156-CR

JAMAL ANTON REED                                                            APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 297TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
Jamal Anton Reed appeals the denial of his request for post-conviction DNA 
testing. A jury found Reed guilty in 1995 of aggravated sexual assault with a 
deadly weapon and aggravated robbery with a deadly weapon and assessed his 
punishment at eighty years’ imprisonment for each offense. This court affirmed 
Reed’s conviction and sentence on direct appeal. See Reed v. State, 927 
S.W.2d 289 (Tex. App.—Fort Worth 1996, no pet.). Subsequently, Reed filed a 
motion for post-conviction DNA testing; after a hearing, the trial court denied 
the motion. In a single point, Reed contends that the trial court erroneously 
refused to grant him a post-conviction DNA test. We will affirm.
II. 
Requirements for DNA Testing
        A 
convicting court may order DNA testing only if certain statutory requisites are 
met. See Tex. Code Crim. Proc. 
Ann. art. 64.03 (Vernon Supp. 2004); Bell v. State, 90 S.W.3d 301, 
306 (Tex. Crim. App. 2002) (holding that convicting court must order testing 
only if the statutory preconditions are met). These statutory requisites include 
the requirements that the DNA evidence still exists in a condition making DNA 
testing possible; that the DNA evidence has been subjected to a chain of custody 
sufficient to establish that it has not been substituted, tampered with, 
replaced, or altered in any material respect; and that identity was or is an 
issue in the case. Tex. Code Crim. Proc. 
Ann. art. 64.03(a)(1). If these requirements are met, the convicted 
person must then establish by a preponderance of the evidence that there is a 
reasonable probability he would not have been prosecuted or convicted if 
exculpatory results had been obtained through DNA testing and that the request 
for testing is not made to unreasonably delay the execution of sentence or 
administration of justice. Act of April 3, 2001, 77th Leg., R.S., 
ch2, § 2, 2001 Tex. Gen. Laws 2,3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 
64.03(a)(2)); see also Kutzner v. State, 75 S.W.3d 427, 437 (Tex. Crim. 
App. 2002).
III. Identity 
Requirement Not Satisfied
        Following 
the hearing on Reed’s motion for DNA testing, the trial court found that 
Reed’s identity “was not or is not an issue in this case since he admitted 
to the sexual assault of [the victim].” The trial court’s findings of fact 
also state that Reed “admitted in his written statement that he forced the 
victim to perform oral intercourse on him while he had a gun in his hand.” 
When an appellant confesses, his identity is not at issue. Bell, 90 
S.W.3d at 308.
        A 
review of Reed’s motion for DNA testing and his attached affidavit likewise 
reveal that identity was not an issue at trial. Id. (holding appellant 
must show that identity “was or is” an issue, not that future DNA testing 
could raise the issue). Because Reed did not show that identity was or is an 
issue, the trial court did not err by denying Reed’s motion for DNA testing. 
In light of this holding, we do not reach the State’s additional, alternative 
argument that Reed also failed to meet the statutory requisite of showing that 
there is a reasonable probability he would not have been prosecuted or convicted 
if exculpatory results had been obtained through DNA testing. Act of April 3, 
2001, 77th Leg., R.S., ch2, § 2, 2001 Tex. Gen. Laws 2,3 (amended 
2003) (current version at Tex. Code Crim. 
Proc. Ann. art. 64.03(a)(2)(A)).
IV. Conclusion
        Accordingly, 
we hold that the trial court did not err in denying Reed’s motion for DNA 
testing where identity was not at issue. We overrule Reed’s sole point and 
affirm the trial court’s judgments.
 
                                                                  SUE 
WALKER
                                                                  JUSTICE

PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 15, 2004

 

NOTES
1. See 
Tex. R. App. P. 47.4.